UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                  Case No. 3:07-cr-183-J-33MCR

TIMOTHY HIRAM CHATMAN,

_____/

**ORDER**

This cause comes before the Court pursuant to a status conference held on June 17, 2008, and pursuant to the Defendant's Motion in Limine to Exclude 404(b) Evidence (Doc. # 55), filed on June 17, 2008.  The government filed a response on June 18, 2008. (Doc. # 57.)

On June 16, the government filed United States' Notice of Intention to Use "Other Act" Evidence.  (Doc. # 50.)  The Court held the June 17 status conference to inquire how this affected the impending trial.  Defense counsel represented that he would have a conflict of interest if the other act evidence was held admissible and would have to withdraw from representation of Chatman.  Because the trial in this case is set to begin on June 23, the Court directed Chatman to file by midnight on June 18 any motion seeking to exclude the other act evidence.  The Court promised to enter an order by the end of June 18, so the parties would know whether the trial would proceed as scheduled or whether Chatman would have to find another attorney.  For the reasons that follow, the Court

concludes that it is not possible at this time to exclude the other acts evidence. Consequently, the Court must deny Chatman's motion without prejudice. It appears Chatman will require new counsel and the trial will have to be continued.

Chatman was indicted in July 2007 for bank fraud arising out of wire transfers of $2.5 million. In its notice, the government explains that it intends to use two instances of unrelated misconduct to help prove Chatman's mens rea in the current case. The first such instance resulted in Chatman's conviction for conspiracy to pass and possess counterfeit Federal Reserve Notes, and the second such instance resulted in Chatman's arrest on state grand theft charges.[1] Chatman argues that these instances constitute impermissible character evidence and must be excluded.

Federal Rule of Evidence 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). In deciding whether evidence of other acts is admissible in a criminal case, the Eleventh Circuit requires district courts to employ a three-part test:

---

[1] Chatman's counsel represents that he would have a conflict of interest if Chatman's arrest on state charges is admissible at his trial.

2

>    (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403.

United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

As to the first part, it appears that the case law supports the conclusion that a defendant makes intent a material issue by pleading not guilty, unless the defendant takes affirmative steps to remove intent as an issue.[2] Id.; accord United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007); United States v. Allen, No. 07-10703, 2008 WL 1777420, at *7 (11th Cir. 2008). Given that intent is an issue, the only question is whether the other acts evidence is relevant to intent. Where the other acts involved the same state of mind as required for conviction of the charged offense, the other acts are relevant to intent. Zapata, 139 F.3d at 1358. In this case, it appears that the other acts

---

[2]There is some suggestion that this rule applies only where the charged offense is conspiracy. See United States v. Matthews, 431 F.3d 1296, 1314-16 (11th Cir. 2005) (Tjoflat, J., concurring) (explaining that rule was articulated to meet the unique difficulty of proving intent in conspiracy cases). Indeed, the first case to articulate the rule without explicit reference to conspiracy was itself a conspiracy case. See United States v. Delgado, 56 F.3d 1357, 1361-62 (11th Cir. 1995). As authority for the rule, the case cited United States v. Cardenas, 895 F.2d 1338, 1342 (11th Cir. 1990). Delgado, 56 F.3d at 1365. And Cardenas stated the rule as follows: "when a defendant charged with conspiracy enters a not guilty plea, he makes intent a material issue in the case and imposes a substantial burden on the government." Cardenas, 895 F.2d at 1342 (citing United States v. Roberts, 619 F.2d 379, 383 (5th Cir. 1980)).

3

involved an intent either identical or very similar to the intent to commit bank fraud.  As a result, these other acts appear on the current record to be relevant to the issue of Chatman's intent.  Chatman has not taken any affirmative step to remove intent as an issue in this case.

Turning now to the second part of the analysis, Chatman's prior counterfeiting conduct involves a conviction.  A conviction is sufficient evidence to permit a jury finding that Chatman engaged in the counterfeiting conduct. United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995) (concluding that second part of analysis is met where extrinsic act resulted in conviction).  As to the state grand theft conduct, it remains to be seen whether the government will be able to establish this conduct with sufficient proof to permit a jury finding that Chatman committed the conduct.  The government represents that it has a witness who will testify that Chatman admitted the state charges.  (Doc. # 50, at 4-5.)  If this is correct, it appears that the government may very well be able to present sufficient proof.

At the third part of the analysis, the Court must determine whether the other acts should be excluded under Rule 403.  Thus, the Court must determine whether the risk of unfair prejudice from the other acts evidence substantially outweighs the probity of the evidence.  Where the government does not already have overwhelming evidence of a defendant's intent, other acts evidence "has a

relatively high incremental [probative] value." <u>United States v. Zapata</u>, 139 F.3d 1355, 1358 (11th Cir. 1998).  Chatman reasons that the government must have other evidence to prove his intent because the government was ready for trial before it learned of the other acts evidence.  Chatman does not explain what this other evidence is, and advances no justification for a finding that this evidence is overwhelming.  On the present record, the Court cannot conclude that the probity of the other acts evidence is substantially outweighed by its risk of unfair prejudice.

Chatman advances a more precise argument for excluding his prior counterfeiting conviction.  Chatman explains that the conviction, which is over ten years old, is too remote in time to be very probative of his intent in the present case.  Thus, he argues, the risk of unfair prejudice substantially outweighs the probity of this conviction.  The temporal proximity of other acts is relevant at this stage of the analysis.  <u>United States v. Edouard</u>, 485 F.3d 1324, 1345 (11th Cir. 2007).  However, the Eleventh Circuit has previously approved the admission of other acts evidence fifteen years remote in time.  <u>United States v. Lampley</u>, 68 F.3d 1296, 1300 (11th Cir. 1995).  On the present record, the Court simply cannot conclude that the risk of unfair prejudice outweighs the probative value of this evidence.

Thus, the Court concludes on the present record that the other acts in question are admissible. However, the Court recognizes the

possibility that subsequent events will render the evidence inadmissible.  For that reason, the Court denies Chatman's motion without prejudice.  Given this outcome, it appears Chatman's counsel has a conflict of interest that will require him to withdraw from the representation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Defendant's Motion in Limine to Exclude 404(b) Evidence (Doc. # 55) is hereby denied without prejudice.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 18th day of June 2008.

                                            _____
                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

Copies: All counsel of record